**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRADLEY ALFORD

     Plaintiff,

                                 CIVIL ACTION

                                 FILE NO.

v.

NCO FINANCIAL SYSTEMS, INC.

     Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

**I. PRELIMINARY STATEMENT**

     This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff's cell phone by Defendant's automated telephone dialing system and also Defendant's contact with Plaintiff subsequent to Plaintiff instructing Defendant to cease contacting Plaintiff.

     Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone

Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq. and also Chapter 559 of the Florida Statutes.

## II. PARTIES

1. Plaintiff is a natural person residing in Pinellas County, Florida.

2. Defendant is a foreign limited liability company engaged in the business of the collection of consumer debt.

## 3. III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C.  1331

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA and CHAPTER 559.72

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

(A)  to store or produce telephone numbers to be called,

  using a random or sequential number generator; and

(B)  to dial such numbers.

See, 47 U.S.C.  227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than
a call made for emergency purposes or made with the prior
express consent of the called party) using any automatic
telephone dialing system or an artificial or prerecorded
voice message to any telephone number assigned to a paging
service, cellular telephone service, specialized mobile
radio service, or other radio common carrier service, or
any service for which the called party is charged for the
call.

9. Under the TCPA, a person or entity may, if otherwise
permitted by the laws of the rules of the court of a State,
bring in an appropriate court of that State:

              (A)  an action based on a violation of this
                 subsection or the regulations prescribed under
                 this subsection to enjoin such violation,

              (B)  an action to recover for actual monetary
                 loss from such a violation, or to receive $500
                 in damages for each such violation, whichever
                 is greater,  or

              (C)  both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C.  227 (b)(3).  In addition, Chapter 559.72 of the Florida Statutes prohibits debt collectors from contacting Plaintiff after Plaintiff has instructed the debt collector to stop contacting Plaintiff and that Plaintiff is now represented by an attorney.

## V. FACTUAL ALLEGATIONS

11. In 2008 the Plaintiff was assigned number 813-852-2452 by his cell phone provider.

10. Plaintiff never gave the Defendant express consent to be called with an ATDS at 813-852-2452.

12. Defendant called Plaintiff more than ten (10) times with an ATDS to the Plaintiff's cell phone 813-852-2452, which was evident from a combination of electronic messages Defendant left on Plaintiff's cell phone and also from prolonged delays and clicks that were experienced in the event that Plaintiff answered Defendant's calls to Plaintiff's cell phone.

## VI. CONSUMER LAW VIOLATIONS

13.   Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

14.   The actions of the Defendant individually and collectively violated the TCPA.

15.   By the Defendant calling the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA. 27 U.S.C.  227.

16.   In addition, Defendant continued to contact Plaintiff after July 3, 2014 in regards to an alleged consumer debt.

17.   Defendant's continued to contact Plaintiff even though Plaintiff had previously instructed Defendant not to contact Plaintiff as Plaintiff was represented by an attorney.

18.   The contact complained of above, Defendant's unlawful contact with Plaintiff via Defendant's use of an automated telephone dialing system to call Plaintiff's cell phone as well as Defendant contact with Plaintiff after Plaintiff had provided Defendant with a lawful cease and desist instruction is contact on the part of Defendant that simultaneously violated Plaintiff's rights under both the TCPA and also Chapter 559.72 of the Florida Statutes.

    WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)     Statutory damages pursuant to TCPA 47  U.S.C.  227

(b)(3);

(2)     Statutory damages pursuant to TCPA 47 U.S.C.  227

(d)(3);

(3)     Fair and reasonable costs of this action and court

costs and also attorney fees under Chapter 559 of the

Florida Statues.

(4)     Injunctive relief;

(5)     Such other and further relief that the Court deems

just and proper.


_____ **/s/ W. John Gadd**

**W. John Gadd**
**FL Bar Number 463061**
**Bank of America Building**
**2727 Ulmerton Road-Suite 250**
**Clearwater, FL 33762**
**Tel- (727) 524-6300**
**Email- wjg@mazgadd.com**
